# Harney et al. v. Nicholas County Board of Education et al.

(Decided June 20, 1930.)

CONLEY & McCARTNEY for appellants.

I. B. ROSS, S. HOLMES and C. B. CASSIDY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On June 1, 1929, the Nicholas county board of education adopted an order consolidating the Morning Glory school district in Nicholas county with the Headquarters district, a consolidated school district which had been created shortly theretofore. An election was called for June 22, 1929, and at that election a majority of the voters voted in favor of a tax of 35 cents on each $100 of assessed value of taxable property for transportation and other local school purposes, including part salary of a high school teacher in a two-year high school.

Appellants, P. H. Harney, Sam E. Smith, and Elmer Phillips, residents and taxpayers within the Morning Glory district, brought this action against the board of education and the sheriff of Nicholas county to have the election declared void and the defendants enjoined from levying or collecting the tax. The lower court adjudged the election valid, and dismissed plaintiffs' petition, and they have appealed.

Precisely the same questions are raised as were raised in the case of Charles Layson et al v. County Board of Education of Nicholas County et al., 235 Ky. —, 28 S. W. (2d) —, this day decided, all of which were decided adversely to appellants' contention in that case.

In addition, it is contended that the election was invalid because the election notices referred to the Morning Glory school district without describing it by metes

60

and bounds, and that therefore the boundary is too indefinite. However, in Ralls v. Sharp's Adm'r, 140 Ky. 744, 131 S. W. 998, where the petition for an election described the boundary to be affected as school district No. 39, Bath county, it was held that the description was sufficient, provided the boundary was capable of being ascertained with reasonable certainty. There is no showing here that the boundary of the Morning Glory school district was not susceptible of ascertainment.

On the authority of the case of Layson v. County Board of Education of Nicholas County, supra, the judgment is affirmed.

The whole court sitting.